IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | **2:11-cr-157** |
| v. | ) | **2:16-cv-283** |
| | ) | |
| JUSTIN MICHAEL KING | ) | |

**MEMORANDUM OPINION**

Now pending before the Court is a MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (ECF No. 194) filed by counsel on behalf of Petitioner, Justin Michael King.[1] The government has filed a response in opposition to the motion, and King has filed a reply (ECF Nos. 206, 209). Accordingly, the motion is ripe for disposition.

**I.     Background**

On October 24, 2012, King pled guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1)-(2) and § 924(e). In the Presentence Investigation ("PSI") Report, the Probation Officer determined that King was an armed career criminal and thus subject to a 15-year mandatory minimum sentence (as opposed to a 10-year *maximum*) because he had at least three prior convictions for burglary under Pennsylvania law. The Probation Officer did not specify whether these convictions qualified as Armed Career Crimianl Act ("ACCA") predicates under the "enumerated offenses" clause or the "residual" clause of the statute's definition of "violent felony." *See* 18 U.S.C. § 924(e)(2)(B)(ii) (explaining that "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another").

---
1.     This case was originally assigned to District Judge Arthur Schwab. However, it was reassigned to this member of the Court on March 11, 2016, after the filing of King's § 2255.

Nevertheless, King did not object to his ACCA classification, and the Court, without specifying which clause of the statute applied, adopted the findings in the PSI Report and sentenced King to the mandatory minimum of 15 years at each count, to be served concurrently. King did not appeal.

Some three years later, however, King filed this motion, contending that the United States Supreme Court's June 2015 decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the ACCA's residual clause, voided his sentence and entitled him to be resentenced without the mandatory minimum, in which case the Guidelines range would be 110 to 137 months.[2] Shortly thereafter, the parties agreed to stay the matter pending a decision by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court granted certiorari to decide whether the *Johnson* decision would apply retroactively in cases on collateral review. The decision in *Welch* was handed down on April 18, 2016, and the Supreme Court concluded that *Johnson* is, in fact, retroactive. *Welch*, 136 S. Ct. at 1268. Thus, if King's sentence was enhanced based on the residual clause, it must be set aside, and he must be resentenced. That is the question to which the Court now turns.

**II.  Discussion**

At the outset, the government argues that *Johnson* offers King no relief because he has not demonstrated that his burglary convictions were deemed violent felonies under the now-void residual clause as opposed to the enumerated offenses clause, which remains valid after *Johnson*. *See Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the

---

2.  In the motion, King claims that he was sentenced on December 11, 2008; has served nearly 10 years in prison; and may be eligible for immediate release once given credit for "good time." ECF No. 194 at 4. However, King was not sentenced on December 11, 2008, and *has not* served nearly 10 years. He was actually sentenced on February 15, 2013. Accordingly even if his motion were to be granted and he were to be sentenced within the adjusted Guidelines range, he would still have time remaining on his sentence.

Act to the four enumerated offenses, or the remainder of the Act's definition of violent felony."). Where, as here, "the predicate offenses <u>could</u> have qualified under both the residual clause and another clause," the government argues, "petitioners should be required to make some showing that the sentencing court actually relied on the residual clause" in applying the ACCA enhancement. Govt. Br. at 3 (emphasis in original). According to the government, King cannot make this showing "because [his] convictions were for offenses in which he had burgled buildings" – i.e., they matched ACCA's generic definition of burglary. *Id.* at 4. To hold otherwise, the government argues, would "open[] the portal for full reexamination of the qualifying predicate convictions for nearly every defendant who qualified under the ACCA based on violent felony convictions." *Id.* at 3. It would also permit King and others in his position to rely on "other (non-*Johnson*) cases," like *Descamps v. United States*, 133 S. Ct. 2276 (2013), to argue the merits of his case, even though such cases are not retroactive.[3]

King responds that he need not establish that the Court actually relied on the residual clause in sentencing him, as long as it is *possible* that it did. He analogizes to situations where "a jury is advised that it may convict in one of two ways, one of which is later determined to be invalid[,]" and it is unclear which formed the basis for the jury's verdict. Def.'s Reply at 5 (citing *Zant v. Stephens*, 462 U.S. 862, 881 (1983)). In such case, King says, the jury's verdict must be set aside "because [it] may have rested exclusively on the insufficient ground." *Zant*, 462 U.S. at 881 (discussing *Stromberg v. California*, 283 U.S. 359 (1931)). So it is here, he claims: "[I]t is not his burden to show that the district court sentenced him pursuant to the residual clause. The

---

3. The government also argues that King's motion is untimely insofar as it's really based on *Descamps*, not *Johnson*, and thus should have been brought within a year of the decision in *Descamps*. *See* 28 U.S.C. § 2255(f)(3). This argument is misplaced. The question of whether *Johnson* is applicable goes to the merits of King's motion not its timeliness. *See United States v. Johnson*, No. 3:08-CR-00010, 2016 WL 3653753, at *2 (W.D. Va. June 28, 2016) ("[a]sserting a 28 U.S.C. § 2255(f)(3) defense on the premise that the right at issue does not reach [d]efendant's case merely dresses a merits argument in a statute of limitation's clothing").

3

constitutional error – and what satisfies [his] burden in this case – is the mere fact that the unconstitutional option existed." *Id.*

The Court does not view King's jury-instruction analogy as particularly apt. For one thing, it ignores the realities of sentencing. Unlike the jury described in King's analogy, a sentencing judge is not simply given two alternative grounds for applying the ACCA, either of which would be sufficient, and told to choose one behind the closed doors of the jury room. Rather, in most cases, there is a body of case law establishing, beyond much dispute, that certain convictions qualify as predicate offenses under one of the clauses in the ACCA's definition of "violent felony." The Probation Officer then relies upon that law in making a recommendation to the sentencing judge as to whether the ACCA applies. And if the defendant doesn't object to the PSI Report (which he's unlikely to do if his argument is foreclosed by prevailing case law, and there isn't a good faith basis for arguing for a change in the law) the sentencing judge will then, in the ordinary case, impose a sentence in accordance with the Probation Officer's recommendation, without commenting about which of the ACCA's three clauses supported the enhancement. The upshot is that, unlike in the jury-instruction scenario, it is not impossible to discern the basis for the sentencing judge's application of the ACCA, even though it was never made explicit. The reviewing court can look to the circumstances surrounding the defendant's sentence – clues from the record and, more importantly, the state of the law at the time of sentencing – to attempt to discern which clause was applied.

King takes issue with this, contending that he should not be shouldered with the burden of showing that his convictions counted under the residual clause. But there are sound reasons why he should be forced to carry that burden, not the least of which is that it comports with the traditional rule in § 2255 proceedings. *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir.

4

1977) ("[I]n habeas cases the general rule is that the petitioner himself bears the burden of proving that his conviction is illegal."). Moreover, as the government points out, it is at least arguable that "almost all convictions that qualified under the enumerated offenses clause or the use of force clause . . . also qualified under the residual clause." Govt. Br. at 3. Adopting King's argument could require courts to reexamine each and every one of these cases, even when there isn't even the slightest indication in the record or in the prevailing case law when the defendant was sentenced that the residual clause had anything to do with the defendant's sentence enhancement. It would also open a backdoor for allowing claims resting on other cases that have not been given retroactive effect – *Descamps* for example – to be raised on collateral review. In this Court's view, that is a step too far. There must be some dividing line between claims that are truly based on *Johnson* and other types of claims masquerading as *Johnson* claims.

Where precisely that line should be drawn the Court need not say. For, in in this case, there is no sign whatsoever that the residual clause played any part in King's sentencing. On the contrary, the status of the law when King was sentenced points ineluctably toward the conclusion that his burglary convictions were counted under the enumerated offenses clause, which expressly lists burglary as an ACCA predicate, not the residual clause, which has only been used as the government's fallback position whenever generic burglary cannot be established. *Cf. In re Adams*, No. 16-12519-J, 2016 WL 3269704, at *3 (11th Cir. June 15, 2016) ("In the absence of any record evidence to the contrary, the status of the law at the time Mr. Adams was sentenced – in addition to the nature of his objection at sentencing – suggests that his sentence may have been enhanced under the residual clause.").

At the time King was sentenced, a conviction under Pennsylvania's burglary statute could count as an ACCA predicate under the enumerated offenses clause through the application of the

modified categorical approach, provided it was clear from *Shepard* documents that "all of the elements of generic burglary were necessarily found[.]" *United States v. Bennett*, 100 F.3d 1105, 1110 (3d Cir. 1996); *see also United States v. Cain*, 141 F.3d 1160 (4th Cir. 1998) (applying modified categorical approach to determine whether Pennsylvania burglary counted as violent felony); *United States v. Farrell*, 672 F.3d 27, 33 (1st Cir. 2012) (same). The PSI Report revealed that King had three convictions for generic burglary: two involving a residence and one involving another type of building. *See* PSI Report ¶¶ 39, 41, 45. King did not raise any challenges to the PSI Report's description of those convictions; nor did he argue that there was insufficient proof to establish that he burgled buildings because the government did not introduce the underlying documents supporting his burglary convictions. As a result, he was deemed, under then-extant case law, to have admitted the information about his prior convictions set forth in the PSI Report, and there was no need for the government to produce *Shepard* documents for the sentencing judge's review. *See United States v. Siegel*, 477 F.3d 87, 93 (3d Cir. 2007). Thus, the sentencing judge had a sufficient basis for applying the ACCA enhancement through the enumerated offenses clause. Although Pennsylvania burglary is broader than generic burglary, the information upon which the Probation Officer and in turn the sentencing judge relied – and to which King did not object – sufficed to show that he pled guilty to generic burglary, not something else.[4]

---

4. King strenuously argues that Pennsylvania's burglary statute is indivisible and thus the modified categorical approach can't be applied in light of *Descamps*, 133 S. Ct. 2289, and *Mathis v. United States*, 136 S. Ct. 2243 (2016). But whether that's so is beside the point. In other words, it doesn't matter that the sentencing judge might be required to take a different approach in assessing whether King's burglary convictions count as ACCA predicates if King were sentenced today. What matters is that we can discern from the state of the law and the record *when King was sentenced* that the sentencing judge applied the enumerated offenses clause (rightly or wrongly, we'll never know, because no objection was raised) and not the residual clause when enhancing King's sentence because that was how such convictions were counted at the time.

On the other hand, when King was sentenced, there was no case law from the Third Circuit or elsewhere deeming Pennsylvania burglary a violent felony under the residual clause. Only more recently did the government start to resort to this argument, as *Descamps* seemingly made it harder for burglary convictions to be considered under the enumerated offenses clause. As a result, it is improbable that the Probation Office, in recommending that the ACCA applied, went out on a limb and found that King's litany of burglary convictions fell under the residual clause. With burglary listed among the enumerated offenses and the information available to the Probation Office showing that King had at least three prior convictions for generic burglary, there would have been no need to do so. The residual clause would have only entered the picture if King objected to his ACCA classification, in which case the government would likely have fallen back on the position that his burglary convictions could have come in under the residual clause no matter whether they fell within the generic definition of burglary.

The smattering of district court cases upon which King relies does not convince the Court otherwise. None of them wrestle with the possibility that allowing *Johnson* claims to go forward even though the defendant cannot show that his sentence was based on the residual clause could require revisiting nearly every sentence imposed under the ACCA's definition of violent felony. And in any event, each is distinguishable from this case because there was at least some suggestion from the record or existing case law that the residual clause actually could have been applied. In *Cravens v. United States*, for example, the court noted that it was "likely" that the defendant's conviction fell under the residual clause because there was case law supporting that view when the defendant was sentenced. No. 10-CR-3037-S-DGK, 2016 WL 3129298, at *1 (W.D. Mo. June 2, 2016). Likewise in *United States v. James*, No. 06-20172-JWL, 2016 WL 3936495, at *1 (D. Kan. July 21, 2016). And in *United States v. Winston*, while there wasn't any

case law applying the residual clause to the conviction at issue, the government had nevertheless argued "that the [c]ourt could apply the ACCA enhancement based 'on many different ways.'" No. 3:01-CR-00079, 2016 WL 2757451, at *3 (W.D. Va. May 11, 2016). Finally, in *United States v. Navarro*, one of the defendant's priors, attempting to elude a police officer, was deemed a predicate offense under *Sykes*, which *Johnson* expressly overruled, so the defendant's claim was very much based on *Johnson*. No. 2:10-CR-2104-RMP, 2016 WL 1253830, at *4 (E.D. Wash. Mar. 10, 2016). Not so here. *Bennett* and other later cases analyzing burglary under the enumerated offenses clause "was the only binding legal basis for applying the ACCA to [King] based on his burglary conviction[s]." *In re Adams*, 2016 WL 326970426, at *3. Because King cannot show that his sentence was enhanced under the residual clause, he does not have a claim under *Johnson*.

### III.     Conclusion

In accordance with the foregoing, King's motion will be denied. The remaining issue is whether a certificate of appealability should issue. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet that burden, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that King has failed to make such a showing. Thus, a certificate of appealability will not be issued. An appropriate order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| | ) | **2:11-157** |
| v. | ) | **2:16-283** |
| | ) | |
| **JUSTIN MICHAEL KING** | ) | |

## ORDER

**AND NOW**, this 17th day of August, 2016, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (ECF No. 194) filed by Petitioner, Justin Michael King, is **DENIED**. It is **FURTHER ORDERED** that a certificate of appealability shall not issue. The Clerk of Courts shall docket Case No. 2:16-cv-00283 as **CLOSED**.

BY THE COURT:

s/ Terrence F. McVerry
Terrence F. McVerry
Senior District Court Judge

cc: all counsel of record via CM/ECF